**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 11 2013, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIO GARCIA**
Brattain & Minnix
Indianapolis, Indiana

APPELLEE PRO SE:

**CATHY JO BOWMAN**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN BREWER,                    )
                               )
   Appellant-Plaintiff,        )
                               )
      vs.                 )     No. 49A02-1208-CT-681
                               )
CATHY JO BOWMAN,               )
                               )
   Appellee-Defendant.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather Welch, Judge
Cause No. 49D12-1110-CT-38253

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John Brewer ("John") appeals the trial court's judgment, contending that the court erred in concluding that an automobile was a valid *inter vivos* gift to Cathy Jo Bowman ("Cathy"). Concluding that the evidence supports the trial court's conclusion that John intended the Jeep to be a gift to Cathy, we affirm.

## FACTS AND PROCEDURAL HISTORY

Commencing in February of 2009, John and Cathy co-habited in a romantic relationship. John was the owner and sole shareholder of Airport Executive Services, Inc., a limousine company. At Cathy's birthday party in October of 2009, John presented her with a 1994 Jeep Wrangler and gift plaque. The Jeep was customized with Cathy's monogram in the body paint and embroidered on the seats. Photographs of the party showed the vehicle covered by a tarp with a balloon, a birthday cake with a picture of the vehicle embedded in the icing, and Cathy with the vehicle. After that occasion, the car was driven by Cathy. Although John left the car titled in the name of his company, there was no evidence that the Jeep was ever utilized as a company vehicle.

John moved out of the residence he shared with Cathy in August 2011, and a dispute arose over a number of items of personal property, including the Jeep. John claimed that vehicle was the property of the limousine company. Cathy contended that the vehicle was a gift to her and was titled in the name of the company only so that John could benefit from the depreciation deduction on his income tax returns. The trial court held that the Jeep was a completed *inter vivos* gift from John to Cathy, and this appeal ensued.

2

## DISCUSSION AND DECISION

Where, as here, the trial court enters findings of fact and conclusions thereon, we engage in a two-step review process. First, we determine whether the evidence supports the findings. *Schmidt v. Schmidt*, 812 N.E.2d 1074, 1080 (Ind. Ct. App. 2004). Second, we determine whether the findings support the judgment. *Id.* Only when the record contains no facts to support the findings, either directly or by inference, will we hold the findings to be clearly erroneous. *Id.* A judgment is clearly erroneous only when the trial court applies the wrong legal standard to the properly found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Id.*

A valid *inter vivos* gift occurs when each of the following is present: (1) the donor is competent to make the gift; (2) the donor intends to make a gift; (3) the gift is completed with nothing left undone; (4) the property is delivered by the donor and is accepted by the donee; and (5) the gift is immediate and absolute. *Fowler v. Perry*, 830 N.E.2d 97, 105 (Ind. Ct. App. 2005). Once delivery and acceptance of an *inter vivos* gift occurs, the gift is irrevocable and a present title vests in the donee. *Id.*

Here, there is no evidence in the record suggesting that John was not competent to make a gift. Similarly, there is no evidence to suggest that the gift was incomplete or conditional. Also, it reasonably can be inferred that John effectively delivered the Jeep to Cathy and that she accepted the gift because she regularly drove it and considered it her own.

Whether a person can make an *inter vivos* gift of an automobile where his or her name remains on the certificate of title after the gift has been delivered was an issue first decided by this Court in *Brackin v. Brackin*, 894 N.E.2d 206 (Ind. Ct. App. 2008). In *Brackin*, the court looked to the Restatement (Third) of Property: Wills & Other Donative Transfers § 6.2 cmt. i (2003) and noted that, under the Restatement, it is the delivery of the automobile itself with donative intent that conveys ownership.

Thus, while the failure of an alleged donor to convey the certificate of title to a donee may cast doubt on the donor's intent, the donee may overcome such doubt by demonstrating clear and convincing evidence of donative intent. The court in *Brackin* also noted that several other states with transfer of title statutes analogous to our own have reached a similar conclusion regarding whether delivery of an automobile without transfer of certificate of title constitutes a valid *inter vivos* gift. The *Brackin* court said that trial courts must consider the totality of the circumstances surrounding the gift in question to determine the existence of donative intent, and held that where there is uncontroverted evidence of clear and decisive words of gift and an absence of any evidence to negate donative intent, such evidence clearly and convincingly establishes the requisite donative intent notwithstanding the failure to put the donee's name on the certificate of title.

Here, the evidence established that Cathy had always wanted a Jeep, *tr.* at 25, that John presented the car to Cathy at her birthday party, *tr.* at 76, that John had the car customized with Cathy's monogram including the notation that it was "the Darlin' Danielle Edition" (a reference to a song by Henry Lee Summer that had particular

4

significance to their relationship), *tr.* at 80, and that the wheel cover on the Jeep says that it is "Cathy's Jeep," *tr.* at 75. The evidence also disclosed that Cathy drove the Jeep. *Tr.* at 82. There is no evidence that John ever placed any limits on his gift to Cathy in any way. The evidence supports the trial court's conclusion that John had the requisite donative intent to make an *inter vivos* gift of the Jeep to Cathy.

Affirmed.[1]

MATHIAS, J., and CRONE, J., concur.

---

[1] We commend the trial court on its extensive findings of fact and conclusions. Their clarity and thoroughness have significantly facilitated appellate review.